## UNITED STATES of America

v.

## James B. McDOUGAL, Jim Guy Tucker, and Susan H. McDougal.

### No. LR–CR–75–173.

United States District Court,
E.D. Arkansas,
Western Division.

Oct. 25, 1995.

Kenneth W. Starr, W. Ray Jahn, Bradley E. Lerman, Amy J. St. Eve, Office of the Independent Counsel, Little Rock, AR, for plaintiff.

Sam T. Heuer, Little Rock, AR, for James McDougal.

William H. Sutton, Friday, Eldredge & Clark, Little Rock, AR, George B. Collins, Collins & Bargione, Chicago, IL, James J. Lessmeister, Arnold, Grobmyer & Haley, Little Rock, AR, for Jim Guy Tucker.

Bobby McDaniel, Jonesboro, AR, Jenniffer Horan, Federal Public Defender, Little Rock, AR, for Susan McDougal.

### MEMORANDUM OPINION AND ORDER

GEORGE HOWARD, Jr., District Judge.

Defendant Jim Guy Tucker has moved to dismiss the indictment for the alleged reason that the United States Congress rendered the Ethics in Government Act of 1987 uncon-stitutional by enacting the Independent Counsel Reauthorization Act of 1994, which revises § 596(b)(2) (28 U.S.C. § 596(b)(2)) and § 594(*l*)(2)) (28 U.S.C. § 594(*l*)(2)) of the Act of 1987 by allocating the following unconstitutional powers to (1) the Special Division and (2) the Administrative Office of the United States Courts:

(1) If the Attorney General has not made a request under·this paragraph, the division of the court shall determine on its own motion whether termination is appro-priate under this paragraph no later that 2 years after the appointment of an indepen-dent counsel, at the end of the succeeding 2–year period, and thereafter at the end of each succeeding 1–year period.

(2) The Director of the Administrative Office of the United States Courts shall provide administrative support and guid-ance to each independent counsel.

This Court, after carefully considering the arguments of both Jim Guy Tucker and the United States Government, is not persuaded that Tucker's challenge is meritorious and, accordingly, denies the requested relief for the reasons set forth in this memorandum opinion and order.[1]

### I

#### Relevant Particulars

The Ethics in Government Act of 1987 regarding the power of the Special Division to terminate independent counsel provided:

Termination by division of the court.— The division of the court, either on its own motion or upon the request of the Attorney General, may terminate an office of inde-pendent counsel at any time, on the ground that the investigation of all matters within the prosecutorial jurisdiction of such inde-pendent counsel or accepted by such inde-pendent counsel under section 594(e), and any resulting prosecutions, have been com-pleted or so substantially completed that it would be appropriate for the Department

---

1. Defendant Jim Guy Tucker requested leave of the Court to present oral argument in support of his position. The Court is persuaded that the constitutional issues asserted have been thor-oughly addressed by both the defendant and the Government in their respective memoranda and oral argument would not materially be of value to the Court in resolving these issues. Therefore, the request for oral argument is denied.

of Justice to complete such investigations and prosecutions. At the time of such termination, the independent counsel shall file the final report required by section 594(h)(1)(B).

Section 596(b)(2), Act of 1987.

The Supreme Court upheld the constitutionality of the Ethics in Government Act (the Act of 1987) in *Morrison v. Olson,* 487 U.S. 654, 108 S.Ct. 2597, 101 L.Ed.2d 569 (1988).

The United States Congress in 1994 enacted the Independent Counsel Reauthorization Act of 1994 which revised § 596(b)(2) of the Act of 1987 by adding the following sentence to the above quoted provision:

> If the Attorney General has not made a request under this paragraph, the division of the court shall determine on its own motion whether termination is appropriate under this paragraph no later than 2 years after the appointment of an independent counsel, at the end of the succeeding 2–year period, and thereafter at the end of each succeeding 1–year period.

Section 596(b)(2) of Act of 1994.

In the Act of 1994, Congress also enacted, for the first time, the following provision which provides for administrative service to the independent counsel and is identified as § 594(1)(2):

> The Director of the Administrative Office of the United States Courts shall provide administrative support and guidance to each independent counsel.

Tucker argues that the new § 596(b)(2) under the Act of 1994 grants the Special Division more power than is constitutionally permissible under the ruling of the Supreme Court in *Morrison v. Olson,* supra, inasmuch as the new provision "compromises the independence of the judiciary and exceeds the limits of Article III." The Special Division, argues Tucker, "now has the statutory power to review any of the actions of the independent counsel which gives the Special Division the power to participate in the investigations. This is an unwarranted intrusion on the sepa-

rate powers of the Executive...." Tucker further asserts that § 596(b)(2) under the Act of 1987 was "triggered by a lingering independent counsel[,]" but revised § 596(b)(2) of the Act of 1994 is "triggered by time and the discretion of the Special Division" notwithstanding the actions of independent counsel.

With regard to § 594(*l*)(2) of the Act of 1994, Tucker asserts that by authorizing the Administrative Office of the United States Courts to provide administrative support and guidance to the Independent Counsel, Congress infringes the "doctrine of Separation of Powers under Article III of our Constitution by compromising the independence of the judiciary."

On the other hand, the United States Government argues, with respect to § 596(b)(2) of the of Act 1994, that "Congress left untouched the section 596(b)(2) language that the Supreme Court had expressly upheld in *Morrison*" ... and added a sentence that "confers absolutely no additional powers on the Special Division" but is essentially a means by which the Special Division may check at specified intervals and "remove from the public payroll an independent counsel who has served his or her purpose, but is unwilling to acknowledge the fact...."

Relative to § 594(*l*)(2) of the Act of 1994, the Government asserts that the responsibilities conferred on the Administrative Office are "essentially ministerial" and the provision does not delegate "power to supervise the independent counsel in the exercise of counsel's investigative or prosecutorial authority." In essence, argues the Government, "the tasks of the Administrative Office of the United States Courts do not include adjudicatory functions," accordingly, the separation of powers doctrine is not "seriously" implicated.

Essentially, this Court must determine whether the 1994 designated revisions of the Ethics in Government Act of 1987 allocate unconstitutional powers to the Special Court and the Administrative Office of the United States Courts.[2]

---

**2.** Although the Government questions the ripeness of Tucker's challenge since the Special Divi-

sion has not exercised its power, the Court is persuaded that a significant constitutional issue

## Discussion

### A

### Section 596(b)(2)

In *Morrison v. Olson,* 487 U.S. 654, 108 S.Ct. 2597, 101 L.Ed.2d 569 (1988), the Supreme Court cautiously and judiciously determined whether § 596(b)(2) of the Act of 1987 infringes Article III by intruding upon the executive power or Independent Counsel's prosecutorial discretion. In concluding that the termination provision did not violate the Constitution, the Supreme Court observed:

> [I]t is the duty of federal courts to construe a statute in order to save it from constitutional infirmities ... and to that end we think a narrow construction is appropriate here. The termination provision of the Act do not give the Special Division anything approaching the power to remove the counsel while an investigation or court proceeding is still underway-this power is vested solely in the Attorney General. As we see it, "termination" may occur only when the duties of the counsel are truly "completed" or "so substantially completed" that there remains no need for any continuing action by the independent counsel.... So construed, the Special Division's power to terminate does not pose a sufficient threat of judicial intrusion into matters that are more properly within the Executive's authority to require that the Act be invalidated as inconsistent with Article III.

In urging prudent forethought in the implementation of the termination provision as well as any revisionary enactment, the Supreme Court stated:

> We emphasize, nevertheless, that the Special Division has no authority to take any action or undertake any duties that are not specifically authorized by the Act. The gradual expansion of the authority of

the Special Division might in another context be a bureaucratic success story, but it would be one that would have serious constitutional ramifications

....

*Morrison,* 487 U.S. at 685, 108 S.Ct. at 2616.

■ Employing the Supreme Court's cautious and close scrutiny standard in analyzing § 596(b)(2) of the Act of 1994, this Court is of the view that the added sentence does not confer any additional powers on the Special Division. As the Government asserts, the Act of 1987 had already conferred on the Special Division the power to terminate Independent Counsel's office. Since the power could be employed by the Special Division's own motion, the 1994 revision simply authorizes the Special Division to check at specified intervals without making any changes in the scope of that power and in the prerequisites to its exercise. The Government argues persuasively that, "[t]he new sentence speaks of 'termination ... under this paragraph,' referring back to the unchanged language of the 1987 Act." In the 1994 Act as in the 1987 one, "[t]he termination provisions ... do not give the Special Division anything approaching the power to remove the counsel while an investigation or court proceeding is still under way." *Morrison,* 487 U.S. at 682, 108 S.Ct. at 2614.

Defendant Tucker portrays the added sentence as vesting the Special Division with "the power to periodically review and reappoint an already existing independent counsel." As asserted by the Government, Congress expressly recognized the limits imposed by *Morrison* as well as the apparent caveat in the opinion of the Court[3] and rejected a proposed amendment that would have achieved what defendant Tucker mistakenly asserts § 596(b)(2) of the Act of 1994 does.[4]

---

is presented that would evade review in this case since the January 16, 1996 trial will be concluded before the designated review by the Special Division in August of 1996.

**3.** H.R.Conf.Rep. No. 511 at 23.

**4.** "During its consideration of the bill, the Committee rejected, by voice vote, an amendment

that would have required the division of the court to consider, on a periodic basis, not only whether an independent counsel's activities had been completed, but also to 'reappoint the applicant if the court determines that such applicant remains the appropriate person to carry out the duties of the office,' if it concludes that the work of the counsel has not yet terminated. The Com-

This Court is of the view that there is no significant demonstrable variation between the provision approved by the Supreme Court in *Morrison* and the revised version pursuant to the Act of 1994.

## B

### Section 594(*l* )(2)

■ Section 594(*l* )(2) of the Act of 1994 is, in essence, a new provision and as such the Supreme Court did not address the issue in *Morrison*. However, the Supreme Court in *Morrison* made the following relevant comment:

> [T]he system of separated powers and checks and balances established in the Constitution was regarded by the Framers as 'a self-executing safeguard against the encroachment or aggrandizement of one branch at the expense of the other'.... We have not hesitated to invalidate provisions of law which violate this principle.... On the other hand, we have never held that the Constitution requires that the three branches of Government 'operate with absolute independence.' [Internal citations omitted.]

487 U.S. at 692, 108 S.Ct. at 2619–20.

Significantly, it is readily apparent from the plain meaning of the language of the provision that the Administrative Office is to provide ministerial service as opposed to adjudicatory functions. This Court is of the view that the revised provision simply incorporates or embodies what the Administrative Office has provided Independent Counsel over the years. See: H.R.Rep. No. 224, 103d Cong., 1st Sess. 17–18 (1993); S.Rep. No. 101d, 103rd Cong., 1st Sess. 22, 29 (1993); and H.R.Conf.Rep. 511, 103d Cong., 2d Sess. 21 (1994).

This Court is not persuaded that the provision materially and significantly implicates the separation of powers as asserted by Tucker. As the Government notes, the following quotation from Justice Harlan's concurring opinion in *Chandler v. Judicial Council of Tenth Circuit*, 398 U.S. 74, 84, 90 S.Ct. 1648, 1653–54, 26 L.Ed.2d 100 (1970) speaks volumes in describing the tasks conferred on the Administrative Office under the statutory provision creating the Administrative Office:

> The role of the Administrative Office, and its Director, was to be "administrative" in the narrowest sense of that term. The Director was entrusted with no authority over the performance of judicial business—his role with respect to such business was, and is, merely to collect information for use by the courts themselves. Chief Justice Groner of the Court of Appeals for the District of Columbia, who was chairman of the committee of circuit judges that participated in drafting the bill, stressed to the Senate Committee on the Judiciary that the bill would give the Director no "supervision or control over the exercise of purely judicial duties," because to grant such power to an administrative officer "would be to destroy the very fundamentals of our theory of government. The administrative officer [the Director] proposed in this bill is purely an administrative officer."

In conclusion, defendant Jim Guy Tucker's September 25th motion to dismiss the indictment on the grounds that the Act of 1994 violates the limitation of Article II by compromising the independence of the judiciary is denied.[5]

IT IS SO ORDERED this 25th day of October, 1995.

---

mittee believes that the exercise of such authority by the division of the court would be unconstitutional under *Morrison*." H.R.Rep. No. 224 at 23–24.

**5.** Even if the Court were to find that both questioned provisions are unconstitutional, the legislative history of 28 U.S.C. § 598 adopted in 1987 concerning severability states that "[t]his new section makes explicit the common law rule that, in the event a·court finds any portion of the statute invalid, the remainder of the statute stays in effect." See: 1987 U.S.C.C.A.N. p. 2178. Thus, Tucker's argument that "[t]he Severance Provision will only save the Act as it applies to new people subsequent to the severance" must be rejected.